Opinion issued June 12, 2003









  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00022-CV
____________
 
KIMBERLY KINSEY, Appellant
 
V.
 
MARTIN GREGORY REPINECZ, Appellee
 

 
 
On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2000-43444
 

 
 
MEMORANDUM OPINION
          Appellant, Kimberly Kinsey, challenges the judgment notwithstanding the
verdict (JNOV) awarded by the trial court after a jury found that appellee, Martin
Gregory Repinecz, her employer, breached a contract to reimburse her medical
expenses. In three points of error, Kinsey contends that the trial court erred (1) in
holding that the contract was not supported by consideration, (2) in refusing to reform
the jury’s attorneys’ fees verdict, and (3) in holding that Repinecz did not timely and
purposely plead the lack of consideration affirmative defense. We affirm. 
Background
          Kinsey was employed in Repinecz’s podiatry office. On November 22, 1999,
Kinsey’s skin was punctured by a needle that was contaminated with human blood. 
Repinecz gave Kinsey an oral and written promise to pay for all blood tests and other
medical procedures and treatments related to her injury.
          In May 2000, Kinsey presented Repinecz with a $5,500 medical bill for
treatment related to her pin prick. Repinecz refused to pay.  
          Kinsey sued Repinecz for negligence, gross negligence, intentional infliction
of emotional distress, and breach of contract. A jury found Repinecz negligent and
awarded Kinsey $2,200 for past medical expenses. The jury also awarded Kinsey
$100 for past lost earning capacity resulting from a reasonable fear of contracting
HIV or AIDS before it became reasonably probable that she would not contract HIV
or AIDS. Although the jury found that the parties had agreed that Repinecz would
pay for Kinsey’s medical testing and reasonable medical costs, and that Repinecz had
failed to comply with the agreement, they, nonetheless, awarded nothing for breach
of contract. Finally, the jury awarded Kinsey $1000 for reasonable and necessary
attorneys’ fees for preparation and trial.
          Repinecz filed a motion for JNOV, alleging that there was no evidence of
consideration and that it was therefore improper for the trial court to have submitted
a jury question on breach of contract. Furthermore, Repinecz contended that, because
the jury awarded no damages for the breach of contract, Kinsey was not entitled to
attorneys’ fees. The trial court agreed and granted the motion.


 The judgment
awarded Kinsey $2300 in damages in addition to pre-judgment interest and taxable
court costs.
          Kinsey appeals the JNOV. She does not, however, appeal the jury’s decision
to award nothing for breach of contract. 
Breach of Contract
          In points of error one and two, Kinsey contends that the trial court erred in
holding that the contract was not supported by consideration because “the contract
was unilateral and supported by adequate consideration, reliance, and performance”
and because the affirmative defense of no consideration was untimely and improperly
pled.
          Because Kinsey did not appeal the jury’s decision to award her no damages for
her breach of contract claim, we need not determine the propriety of the trial court’s
rulings on consideration. Kinsey cannot prevail on a breach of contract claim absent
a finding of damages. See Frost Nat’l Bank v. Burge, 29 S.W.3d 580, 593 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).
          We overrule points of error one and two.
Attorneys’ Fees
          In point of error three, Kinsey contends that the trial court erred in refusing to
reform the jury’s verdict on attorneys’ fees based on Kinsey’s clear, direct, and
uncontroverted evidence relating to attorneys’ fees.
          Attorneys’ fees must be authorized by statute or contract; the common law does
not provide a right to recover attorneys’ fees. Hill v. Heritage Res., Inc., 964 S.W.2d
89, 143 (Tex. App.—El Paso 1997, pet. denied). If a case involves more than one
claim, fees may be recovered only for those claims falling within the statute or
contract. Id. 
          Here, there was no contractual right to attorneys’ fees; therefore, we must
determine whether there is a statutory right. Section 38.001 of the Civil Practice and
Remedies Code delineates which claims entitle a person to recover attorneys’ fees. 
Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1997). Section 38.001
provides for attorneys’ fees for claims on an oral or written contract, but not for
negligence. See id. at 38.001 (8).
          To recover attorneys’ fees under section 38.001, a party must (1) prevail on a
cause of action for which attorneys’ fees are recoverable, and (2) recover damages. 
Green Int’l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). Kinsey prevailed on her
breach of contract cause of action, but, because the jury awarded her nothing on her
breach of contract claim, Kinsey was not entitled to recover attorneys’ fees under
section 38.001. See id.
          We overrule point of error three.
Conclusion
          We affirm the judgment of the trial court.



                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.